IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY ELLEN HANNIGAN          CV. 08-1349-PK

    Plaintiff,                      FINDINGS AND
                                                            RECOMMENDATION

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

PAPAK, Magistrate Judge:

    Plaintiff Mary Hannigan seeks judicial review of the Commissioner's decision regarding her onset date and thereby denying disability insurance benefits and supplemental security income (SSI) for the period before January 2005. Defendant filed a motion (#14) to dismiss for lack of jurisdiction and failure to state a claim. Hannigan agreed to amend her complaint to allege a colorable constitutional claim and filed an amended complaint (#30). In response, defendant filed a second motion (#35) to dismiss based on lack of subject matter jurisdiction. Defendant's second motion (#35) to dismiss is now before the court. Defendant's motion should

Page 1 - FINDINGS AND RECOMMENDATION

be granted in part and denied in part, for the reasons set forth below.

## BACKGROUND

Hannigan was last insured for disability benefits in December 2002. (Ford Decl., #15, Ex. 2.) In February 2003, Hannigan filed an application for disability insurance benefits under Title II and supplemental security income (SSI) under Title XVI. (Ford Decl. at 2.) She claimed disability based in part on depression. (Ford Decl. Ex. 1 at 8.) The Commissioner denied Hannigan's Title II disability benefits application on May 20, 2003 because she failed to submit sufficient evidence after a request to do so. *Id.* The Commissioner informed Hannigan of the denial in a letter that also explained the appeal procedure. (Ford Decl., Ex. 1. at 4-7.) On the same day, the Commissioner also sent a notice advising Hannigan that her SSI claim under Title XVI had been denied. (Ford Decl. at 3.) Hannigan did not appeal either denial. *Id.*

In January 2005, Hannigan again applied for disability insurance benefits under Title II and SSI under Title XVI. *Id.* Hannigan alleged disability beginning in October 1996. (Ford Decl. Ex. 3 at 16.) In February 2005, the Commissioner denied Hannigan's Title II claim for disability insurance benefits on the ground of *res judicata* because she submitted no new evidence as to any change in her health. (Ford. Decl. Ex. 2.) The Commissioner notified Hannigan of the decision in a letter that also informed Hannigan that she could file a request for reconsideration within sixty days. *Id.* Hannigan did not file a request for reconsideration of that decision. (Ford. Decl., at 3.)

Hannigan hired an attorney in May 2005 and obtained new counsel after that attorney withdrew in February 2006. (Pl.'s Resp, #38 at 2; #40, Ex. 2.)[1] In December 2006, the Social

---

[1] In some instances, the parties have provided factual information in their briefs without a supporting affidavit. Neither party has objected, however, nor have they acknowledged the truthfulness of the unsworn factual statements.

Page 2 - FINDINGS AND RECOMMENDATION

Security Administration informed Hannigan's counsel that Hannigan's exhibit file was ready for review.  (#22, Ex. 3).

Hannigan was represented by counsel at a February 2007 ALJ hearing regarding her January 2005 application for SSI under Title XVI.  The ALJ issued a decision finding Hannigan not disabled.  Hannigan requested a review of the hearing decision and, upon review, the Appeals Council remanded the case to a new ALJ.  (Ford Decl., Ex. 3, at 16.)

In April 2008, on remand from the Appeals Council, the new ALJ granted Hannigan's application for SSI under Title XVI.  (Ford. Decl. Ex. 3.)  The ALJ did not hold a new hearing but instead reviewed the evidence of record.  *Id.* at 16.  The ALJ found that Hannigan's severe impairments included depressive disorder, personality disorder, alcohol dependence and cannibis dependence.  *Id.* at 18.  The ALJ also found that Hannigan was disabled as of January 12, 2005.  *Id.* at 16.  The ALJ recognized that Hannigan alleged an onset date of October 1, 1996 but noted that the established onset date would not reduce her benefits because SSI does not cover the period prior to the claimant's application.  *Id.* At 17.  In the same decision, the ALJ also concluded that Hannigan failed to establish good cause to reopen her 2003 SSI (Title XVI) application because she did not submit new, material evidence and the record did not show on its face that the prior decision was in error.  (Ford Decl. Ex. 3, at 16.)  In addition, the ALJ found that Social Security Ruling 91-5p governing when a mental impairment may serve as good cause to reopen did not apply.  *Id.*

In a letter to the ALJ on April 29, 2008, Hannigan, for the first time, explicitly requested that the ALJ reopen Hannigan's 2003 claims for disability benefits under Title II and contested the ALJ's decision not to reopen her 2003 application for SSI under Title XVI.  (#40 Ex. 1.)

Page 3 - FINDINGS AND RECOMMENDATION

Hannigan argued that her Title II claim was at issue because she alleged a 1996 onset date and her date last insured was December 2002. *Id.* Hannigan also asserted that the ALJ overlooked the new evidence she submitted at the February 2007 hearing regarding her disability during the period covered by her 2003 applications for SSI and disability benefits. *Id.*

Hannigan also requested Appeals Council review of the ALJ's decision. (Ford Decl. Ex. 4.) By notice dated September 15, 2008, the Appeals Council denied Hannigan's request for review. (Ford Decl., Ex. 4.) Hannigan filed this appeal.

Hannigan's complaint alleges that she brings a colorable constitutional claim over which this court has jurisdiction under the Due Process Clause. (Am. Compl., #30, at 1-2) Hannigan alleges that she was unrepresented on her 2003 Title II and Title XVI applications and, due to her mental impairments, she was unable to timely appeal the denial of those applications. *Id.* at 2. The complaint also alleges that Hannigan has been under a disability since 1996 and seeks judicial review of the Commissioner's decision declining to reopen her 2003 applications for SSI and disability insurance benefits. *Id.*

## STANDARDS OF REVIEW

"Federal courts are courts of limited jurisdiction" *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778-779 (9th Cir. 2000) (citation omitted). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* A motion to dismiss on jurisdictional grounds can be "either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a

factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. . . It also need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242.  Under either form of attack, "jurisdictional dismissals are warranted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039.

## DISCUSSION

Judicial review of claims arising under Title II of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g), while § 1383 (c) authorizes jurisdiction over claims arising under Title XVI of the Act.  Under either provision, a claimant may seek judicial review of "any final decision . . . made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing . . . shall be subject to judicial review . . . to the same extent as the Commissioner's final determinations under section 205 [42 USCS § 405]."  Because denial of a motion to reopen is a discretionary decision by the Commissioner, it is not final and, thus is not generally reviewable by a district court.  *See Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1997)).

**I.     Jurisdiction to review a Colorable Constitutional Claim**

The Supreme Court, however, recognized an exception to non-reviewability of a non-final decision in *Sanders*.  The Court noted that federal subject matter jurisdiction exists where a claimant challenges the denial of a petition to reopen on constitutional grounds.  *Sanders*, 430

Page 5 - FINDINGS AND RECOMMENDATION

U.S. at 109. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Id.* The Ninth Circuit applies the *Sanders* exception "to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (citations omitted).

     A constitutional claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Boettcher v. Sec. of Heath & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985). "An allegation of mental impairment can form the basis of a colorable constitutional claim," however, "if the mental impairment prevented the claimant from understanding how to contest the denial of benefits." *Klemm*, 543 F.3d at 1144-1145; *see also Udd*, 245 F.3d at 1099 (court had jurisdiction where the claimant alleged that his claim should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the benefits denial); *Evans*, 110 F.3d at 1483 (9th Cir. 1997) (same). The claim, however, must be supported by facts. *Klemm*, 543 F.3d at 1145 (claimant failed to present a colorable due process claim because he failed to present supporting facts). Thus, a "mere allegation" of a due process violation does not establish federal jurisdiction. *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992); *see also Subia*, 264 F.3d at 902 (claimant did not establish jurisdiction under 42 U.S.C. § 405(g) where she raised "no explicit constitutional claims").

     Here, the Commissioner argues that Hannigan cannot state a colorable constitutional claim because she failed to timely request to reopen despite obtaining legal counsel within the

Page 6 - FINDINGS AND RECOMMENDATION

period to do so.  Hannigan argues that she at least implicitly requested to reopen within the allowed time period.  In addition, she asserts that she requested reconsideration of the ALJ's decision  to deny her 2005 Title II claim on the basis of res judicata.  Finally, she argues that she has raised a colorable constitutional claim that the ALJ's failure to reopen or reconsider violated her right to due process.

The Commissioner can reopen a prior determination under certain conditions.  20 C.F.R. § 416.1488.  The Commissioner may reopen a final determination on its own initiative or upon the request of a claimant within twelve months of the notice of the initial determination.  20 C.F.R. § 404.987(b), 416.1488(a).  The Commissioner may also reopen a prior determination of either disability benefits or  SSI within four years or two years, respectively, of the date of the notice of the initial determination, if the Commissioner finds good cause to do so.  20 C.F.R. § 416.1488(b), 404.988(b).  Good cause to reopen a determination exists if: 1) the claimant provides new and material evidence; 2) a clerical error was made; or 3) the evidence clearly shows on its face that an error was made.  20 C.F.R. § 416.1489.

**A.      Hannigan's request to reopen her 2003 SSI Application**

Pursuant to Social Security Ruling 91-5, "a claimant may establish good cause to warrant reopening a previously denied benefits application by proving that her mental incapacity prevented the making of a timely request for review of an adverse determination, and the claimant had no legal representation at the time." *Evans* , 110 F.3d at 1483.  Moreover, a claimant raises a colorable constitutional claim if she requests to reopen on the grounds that she suffered from a mental impairment and was not represented by counsel in the earlier proceeding and the ALJ denies the request. *Id.*  Here, the ALJ addressed the reopening of Hannigan's 2003

Page 7 - FINDINGS AND RECOMMENDATION

SSI application in his April 7, 2008 opinion and thus recognized that Hannigan raised that issue as part of her 2005 application. The ALJ, however, found that Hannigan had not established good cause to reopen her 2003 SSI application because Hannigan had not submitted new and material evidence. Furthermore, the ALJ found the provisions of Social Security Ruling 91-5p did not apply to Hannigan. Hannigan, however, has asserted that the ALJ had evidence that she suffered from a mental impairment at the time of her 2003 application and indicates she was unrepresented by counsel during that application process. Thus, Hannigan makes a colorable constitutional claim that the ALJ violated her due process right by denying her request to reopen her 2003 application for SSI under Title XVI.

**B.    Hannigan's Request to reopen her 2003 Disability Benefits Application**

Unlike her SSI application, Hannigan did not timely request to reopen her 2003 Title II application. Although Hannigan claims that she implicitly made a request to reoopen that application when she applied for benefits again in 2005, the evidence shows that she did not pursue her 2005 disability benefits claim after the Commissioner denied it on res judicata grounds while she pursued her SSI application. Hannigan could have requested a good cause reopening of her disability application within four years of the date of the initial determination. 20 C.F.R. § 416.1488(b). The first time Hannigan explicitly requested the reopening of her 2003 application was April 2008. This was five years after the initial denial of her 2003 application.

Hannigan's late request to reopen undermines her due process claim. There is no ALJ decision regarding good cause for this court to review. Rather, the Appeals Council merely refused to review the ALJ's decision to take no action in response to her April 2008 letter stating that her Title II application was "implicitly at issue." Moreover, Hannigan obtained legal

Page 8 - FINDINGS AND RECOMMENDATION

counsel in May 2005 and her counsel could have asked for a good cause reopening of her 2003 SSI application until May 2007. Her counsel, however, chose not to pursue this option. It is no excuse for Hannigan's counsel to claim that Hannigan was too mentally impaired to inform her counsel about her past application as it was her counsel's duty to conduct a proper interview and gather the facts.[2] Thus, Hannigan and her counsel failed to raise the good cause argument within the requisite time limits and they cannot ask for it presently. 20 C.F.R. § 416.1488(b).

## II. Jurisdiction to Review the ALJ's 2005 Res Judicata Decision

"If administrative res judicata has been applied in bar of a subsequent claim which, properly assessed, is not the same for res judicata purposes, jurisdiction to engage in judicial review exists. In that situation the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed administratively." *McGowen v. Harris*, 662 F.2d 60, 65 (4th Cir. 1981). Two claims are considered the same if they present the same parties, the same facts and the same issues. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995)

Here, Hannigan claims that she requested reconsideration of the ALJ's decision to deny her 2005 Title II claim on the basis of res judicata. Hannigan, however, fails to allege improper application of res judicata for her 2005 Title II application in her amended complaint. Moreover, Hannigan failed to exhaust her administrative remedies in this matter. Hannigan's counsel chose not to appeal the res judicata determination of the Commissioner. Thus, the ALJ's res judicata decision is not within the subject-matter jurisdiction of this court.

---

2  I will consider the failure of Hannigan's counsel to realize that Hannigan could have asked for a timely "good cause" reopening of her 2003 Title II application when a fee request for this case comes before me.

Page 9 - FINDINGS AND RECOMMENDATION

## CONCLUSION

Defendant's motion to dismiss for lack of subject matter jurisdiction (#35) should be granted in part and denied in part. This court has jurisdiction over the ALJ's denial to reopen Hannigan's 2003 SSI application. This court, however, has no jurisdiction over the ALJ's denial to reopen Hannigan's 2003 disability benefits application nor over the ALJ's res judicata decision on Hannigan's 2005 disability benefits application.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 14th day of July, 2010.

        /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge